IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

PERFORMANCE ADDITIVES, LLC,

Plaintiff,

v.

UNITED STATES, *ET AL.*,

Defendants.

Court No. 25-00394

**ORDER**

On consideration of plaintiff's motion to set aside the stay in this matter, defendant's opposition thereto, and upon other papers and proceedings had herein; it is hereby

ORDERED that plaintiff's motion to set aside the stay is DENIED.

**SO ORDERED.**

Dated: __________________, 2026
New York, NY

______________________________
Richard K. Eaton, Senior Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| PERFORMANCE ADDITIVES, LLC,<br>Plaintiff,<br>v.<br>UNITED STATES, *ET AL.*,<br>Defendants. | Court No. 25-00394 |

**RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE THE STAY**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully opposes plaintiff's request to lift the stay in this matter. For any party seeking to lift the stay, the Court requires a showing of good cause why their case merits earlier consideration. Dkt. No. 9. Performance Additives contends that its case merits earlier consideration because any IEEPA refund it may obtain through CAPE Phase III may be offset by amounts that are disputed in a separate, ongoing case: *Performance Additives LLC v. United States*, Ct. No. 22-0086. However, as we explain below, CBP lacks authority to offset IEEPA refunds by amounts disputed in litigation, and Performance Additives does not identify any other source of a potential offset. Therefore, because Performance Additives does not identify any live issue in its case, it has failed to show good cause that its case merits earlier consideration and the Court should deny its motion.

**BACKGROUND**

Plaintiff's motion arises in the context of *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026), in which the Supreme Court held that the International Emergency Economic Powers Act (IEEPA) (50 U.S.C. § 1701 et seq.), does not authorize the President to impose

tariffs. In response to the decision, this Court issued a universal injunction in other cases, requiring U.S. Customs and Border Protection (CBP) to liquidate or reliquidate entries for importers who paid IEEPA duties and to refund any such duties paid. The United States, through CBP, has indicated that it "is committed to refunding IEEPA duties as quickly and efficiently as possible to comply with all legal requirements and final court orders." Thomas Decl. ¶ 6 (Dkt. No. 98-1 in *V.O.S. Selections, Inc. v United States*, Court Int'l Trade No. 25-00066).[1]

1. To address an unprecedented volume of refunds, and to respond to the Court's orders efficiently, "CBP developed and deployed, within a 45-day period of time, a new capability within CBP's system of record for imported merchandise — the Automated Commercial Environment (ACE) — to calculate and provide valid refunds of additional ad valorem duties imposed under IEEPA, referred to as the Consolidated Administration and Processing of Entries (CAPE) functionality." Thomas Decl. ¶ 6. "CAPE enables the update, liquidation, and calculation of interest for each impacted entry, along with the consolidation of refunds by importer of record or CBP Form 4811 Designee and liquidation date, providing for the required information as well as efficiency gains for both industry and government." *Id.*

CBP is developing and deploying CAPE in phases. Thomas Decl. ¶ 7. CBP deployed Phase 1 on April 20, 2026, allowing CAPE's functionality to be used for "entries that are either unliquidated or up to 80 days past their liquidation date. Following CBP review, these entries will be liquidated or reliquidated and refunds will be issued." CBP, Consolidated Administration

[1] To apprise the public of the refund process, the Court has ordered CBP to file public declarations advising of its progress. The declarations can be found within the dockets of *V.O.S. Selections, Inc. v United States*, Court Int'l Trade No. 25-00066, and *Freestyle World, Inc. v. U.S. Customs & Border Protection*, Court of Int'l Trade No. 26-01088.

and Processing of Entries (CAPE) Phase 1, at 1 (Apr. 8, 2026), https://perma.cc/3X6U-TY3F; Thomas Decl. ¶ 8.

CBP deployed enhanced capability on June 29, 2026, allowing the functionality of CAPE to be used for "entries flagged for reconciliation, for which no Type 09 reconciliation entry has been filed, which remain unliquidated or are within 80 days of liquidation." Thomas Decl. ¶ 10; July 1, 2026 Lord Decl. ¶ 7 (Dkt. No. 39 in *Euro-Notions Fla., Inc. v. United States*, Court Int'l Trade No. 25-00595, and Ex. K to Aug. 4, 2026 Lord Decl., Dkt. No. 24-11 in *Freestyle World, Inc. v. U.S. Customs & Border Protection*, Court Int'l Trade No. 26-01088).

Next, "CBP intends to expand CAPE functionality to cover entries that liquidated more than 80 days prior to acceptance of the CAPE Declaration, for entries filed by plaintiffs in actions in the U.S. Court of International Trade for which the Court has ordered reliquidation." Thomas Decl. ¶ 11. CBP plans to make this additional phase available to parties after orders of reliquidation are entered in the cases and CBP receives the required information from the parties.

CAPE has been used more than 252,000 times since its launch, for submissions covering more than 25 million entries for which refunds collectively totaling more than $100 billion (including interest) have already been processed by CBP and sent to the U.S. Department of Treasury for disbursement. August 4, 2026 Lord Decl. ¶¶ 3, 4, 5 (Dkt. No. 24 in *Freestyle World, Inc. v. U.S. Customs & Border Protection*, Court Int'l Trade No. 26-01088). The CBP declarations make clear that CBP has invested significant resources in the refund effort, and that effort has succeeded.

2. Plaintiff, Performance Additives, LLC, commenced this action on December 5, 2025, to challenge the tariffs imposed by the President under IEEPA, "50 U.S.C. § 1701 *et seq.*, the National Emergencies Act, 50 U.S.C. § 1601 *et seq.*, section 604 of the Trade Act of 1974, as

amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301." Compl., Dkt. No. 2 ¶ 46. On December 10, this case was consolidated with numerous other matters. Dkt. No. 8. On March 17, 2026, the Court stayed this case sua sponte, stating that "[a]ny party seeking to lift the stay must provide good cause." Dkt. No. 9.

**DISCUSSION**

Performance Additives now asks the Court to lift the stay. Mot. (Dkt. No 11). It alleges that it "has to date not filed for any refunds in the CAPE system, out of a reasonable concern that Customs would offset its refunds in respect of accelerated payment of drawback relating to other entries, which are the subject of denied protests." Mot. at 2. Notably, it does not allege that any of its refunds have actually been offset. Rather, Performance Additives's concern about a potential offset stems only from *Performance Additives LLC v. United States*, Ct. No. 22-00086, "in which liability for repayment of the accelerated drawback is one of the issues being litigated." *Id.* According to Performance Additives, "the particular concern is that application of an offset with respect to the accelerated drawback payments, which Customs shows as a debt owed by Plaintiff, would disrupt the other litigation pending before this Court, i.e., Case No. 22-00086." *Id.*

However, there is no risk that CBP would offset any IEEPA refunds because of the disputed drawbacks at issue in Ct. No. 22-0086. As Performance Additives acknowledges, CBP stated that refunds processed through CAPE "are subject to all applicable laws and regulations concerning the liquidation/reliquidation of entries, including . . . the potential diversion of refunds as necessary and appropriate to offset the importer's legally fixed and undisputed unpaid debts to the United States, if any, see 19 C.F.R. § 24.72." Plaintiff's Motion to Modify Court's "CAPE Phase III" Order Dated July 17, 2026 (Mot. to Modify), Dkt. No. 12, at 6 (quoting CBP,

*International Emergency Economic Powers Act (IEEPA) Duty Refunds*, *available at* https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds).[2] The offset regulation on which CBP relies, in turn, provides:

> When an importer of record or other party has a judgment or other claim allowed by legal authority against the United States, and he is indebted to the United States, either as principal or surety, for an amount which is legally fixed and undisputed, the port director shall set off so much of the judgment or other claim as will equal the amount of the debt due the Government.

19 C.F.R. § 24.72. Therefore, only those debts that are "legally fixed and undisputed" may be offset under 19 C.F.R. § 24.72.

Here, we agree with plaintiff that the debts at issue in Court No. 22-00086 are not "legally fixed and undisputed" under 19 C.F.R. § 24.72 while that matter is pending. Therefore, those debts cannot (and will not) form the basis for an offset until (1) there is a final judgment, and (2) the deadline for an appeal has passed in Court No. 22-00086, or any appeal has been resolved. As a result, there is no risk that an offset of Performance Additives's IEEPA refund would disrupt ongoing proceedings in Court No. 22-00086 or any other ongoing case. As noted earlier, Performance Additives does not identify any instance in which an IEEPA refund was actually offset or allege any other active matter may be disrupted by an offset, including any legally fixed and undisputed debt owed by the plaintiff to the United States. Thus, because Court. No. 22-00086 is not at risk of being disrupted by an offset of an IEEPA refund, and because Performance Additives has identified no other reason to lift the stay in this case, Performance Additives has not shown good cause that the stay should be lifted in this matter.

[2] We cite plaintiff's substantive motion because Performance Additives references it in its present motion to set aside the stay. Mot. at 2. However, because this matter remains stayed, we do not address here the motion to modify the Court's reliquidation order, Dkt. No. 12. If the Court grants plaintiff's motion to set aside the stay in this matter, we respectfully request the opportunity to fully respond to Performance Additives' substantive arguments.

Although Performance Additives gestures at other potential issues related to offsets, Mot. at 2, it raises no justiciable issue in *this case* demonstrating good cause to lift the stay. It first states that it is "questionable" whether IEEPA refunds may be offset at all, relying on 31 U.S.C. § 3701(d). Mot. at 2. However, as established above, Performance Additives has not alleged that any of its own IEEPA refunds have been offset, or even that an offset is likely. It has therefore not alleged any injury related to 31 U.S.C. § 3701(d) that would render its application a justiciable issue in this case. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (noting an imminent injury must be "certainly impending" or there must be "a substantial risk that the harm will occur."). Moreover, CBP relies on its own regulation to offset IEEPA refunds, 19 C.F.R. § 24.72, not the Treasury offset program related to 31 U.S.C. § 3701(d). To the extent Performance Additives seeks to challenge 19 C.F.R. § 24.72 as beyond CBP's authority, that issue would not be unique to IEEPA refunds, as it applies to all refunds issued at liquidation or reliquidation. *See, e.g.*, *E.C. McAfee A/C Bristol Metal Industries v. United States*, 832 F.2d 152, 152-53 (Fed. Cir. 1987) (offset applied to reliquidation after successful classification protest); *Dynasty Footwear v. United States*, 551 F. Supp. 1138, 1139 (Ct. Int'l Trade 1982) (similar).

Performance Additives also alleges that it is "questionable" whether "the offsets which CBP has heretofore applied are in accordance with the agency's own regulation on offsets." Mot. at 2. However, again, Performance Additives does not allege that it has been subject to any offset of IEEPA refunds. Rather, it alleges that other IEEPA refunds to *non-parties* were offset. *See* Mot. to Modify at 9-10. We lack sufficient information to respond to these allegations pertaining to anonymous non-parties. And in any event, issues faced by non-parties do not create a justiciable issue for Performance Additives. *See Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) ("It is, however, a fundamental restriction on our authority that in the ordinary

course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.") (citation modified).

Performance Additives's hypothetical concerns do not demonstrate good cause for lifting the stay in this matter, where Performance Additives is not at risk of having any IEEPA refund offset by amounts currently disputed in litigation.

In sum, Performance Additives raises only one concrete issue in support of its motion to lift the stay in this matter: its concern that any IEEPA refund will be offset by amounts disputed in the ongoing litigation in Court No. 22-00086. Our statement that CBP lacks authority to offset Performance Additives's IEEPA refund by the amounts in dispute in Court No. 22-00086 is sufficient to address those concerns, obviating any need to lift the stay in this matter or modify the Court's injunction. The remainder of Performance Additives's motion raises hypothetical issues faced by other parties not currently before the Court. These issues are nonjusticiable and do not provide good cause for lifting the present stay.

Therefore, we respectfully request that Performance Additives's motion to set aside the stay in this matter be denied.

DATED: August 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Blake W. Cowman
BLAKE W. COWMAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-2494
Blake.W.Cowman@usdoj.gov

*Attorneys for Defendants*