**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. RICHARD EATON, SENIOR JUDGE**

| | |
|---|---|
| **PERFORMANCE ADDITIVES LLC,**<br><br>**Plaintiff,**<br><br>***v.***<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Court No. 25-00394** |

## MOTION FOR ORAL ARGUMENT

Plaintiff, Performance Additives LLC, ("Plaintiff"), by and through undersigned counsel, hereby moves this Court, pursuant to Rule 7(c) of the U.S. Court of International Trade, to direct oral argument on the pending motion to lift the stay to amend the "CAPE Phase III" Order dated July 17, 2026 to provide that the United States Customs and Border Protection ("CBP" or "Customs") shall process all of Plaintiff's applications for refunds in the agency's Consolidated Administration and Processing of Refunds ("CAPE") system without regard to any "offsets". Plaintiff submits that oral argument would provide necessary elucidation of the issues presented by this motion. This case concerns Plaintiff's right to a refund of paid IEEPA duties after the court's finding that the IEEPA Tariff Orders are unlawful.

The case presents serious and controversial issues that warrant the opportunity to review, clarify, and respond to questions from the Court.

The application of "offsets" to IEEPA refunds processed in the CAPE system presents a significant and growing problem, as more and more offsets are applied. While defendant, in its opposition, assures plaintiff that it will not offset its CAPE-processed IEEPA refunds by

outstanding demands for the return of accelerated drawback payments on the ground that the drawback claims are not "legally fixed and undisputed" as required by Customs' own regulation, 19 C.F.R §24.72[1], this is not in fact how the CAPE system is operating. As noted in Plaintiff's motion to lift the stay, plaintiff's counsel is aware of numerous instances where IEEPA refunds have been offset in respect of open and disputed bills,

The Court should provide prompt guidance on how improper "offsets" should be addressed. The Court has expressed the view that improperly-assessed IEEPA tariffs should be fully refunded to all who paid them. However, if importers are required to protest the liquidation of entries without full payment of IEEPA refunds, due to the improper application of offsets, this Court could find itself confronting a second wave of protest actions, filed under the Court's 28 U.S.C. §1581(a) jurisdiction, seeking refunds of IEEPA tariffs whose refund was already ordered by this Court. As plaintiff in this and other cases have brought suit in this Court seeking complete refunds of IEEPA tariffs they paid, the better approach to addressing the propriety of applied offsets would be in motion practice in a plaintiff's 28 U.S.C. § 1581(i) case, as plaintiff seeks to do here.

Plaintiff has conferred with Blake William Cowman, Esq., counsel of the defendant, who has indicated that defendant defers to the Court as to the relief requested in this motion.

---

[1] Under those circumstances, one wonders why the government did not consent to the lifting of the stay and the granting of the relief plaintiff seeks.

WHEREFORE, Plaintiff moves that this Motion be granted; and that the Court direct oral argument on the pending motion at a date and time to be determined by the Court in accordance with Rule 77(c).

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: August 20, 2026